UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOSEPH R. BOIMAH,

                            Plaintiff,

   -v.-                                             1:05-CV-1552
                                                             (LEK)(DRH)

FILENES, Div. of May Department Stores
Company,

                            Defendant.

**DECISION AND ORDER**

      Presently before the Court is a *pro se* complaint by Joseph R. Boimah ("Plaintiff"), together with an application to proceed *in forma pauperis*, an amended application to proceed *in forma pauperis*, and a Motion to Appoint Counsel. Dkt. Nos. 1, 2, 4 & 6.

      In his *pro se* complaint, Plaintiff alleges that he was discriminated against, and eventually terminated from his employment with the defendant Filenes ("Defendant"), on the basis of his color, race, national origin, age, and disability. Dkt. No. 1 at 3.

      On December 20, 2005, this Court issued a Decision and Order directing Plaintiff to, *inter alia*, file, within thirty (30) days of the date of the filing of that Order, a right to sue letter from the E.E.O.C. See December 20, 2005 Dec. & Order (Dkt. No. 3). Plaintiff was also directed to file a completed *in forma pauperis* ("IFP") application for this Court's review. See id.

      On December 27, 2005, Plaintiff filed an Amended IFP application, and a packet of materials in response to this Court's December 20, 2005 Decision and Order. See Amended IFP Applic. (Dkt. No. 4); Response to Dec. & Order (Dkt. No. 5). However, the IFP application is still incomplete, as Plaintiff has not fully followed the instructions on the form for each question. See Amended IFP Applic. (Dkt. No. 4). Furthermore, the packet of materials filed in response to this Court's

December 20, 2005 Decision and Order does not contain an E.E.O.C. right to sue letter. See Response to Dec. & Order (Dkt. No. 5). In fact, contained in the materials submitted by Plaintiff is a "Determination and Order After Investigation" by the New York State Division of Human Rights, which states that the Division determined "there is NO PROBABLE CAUSE to believe that the respondent has engage in or is engaging in the unlawful discriminatory practice complained of." See Response to Dec. & Order (Dkt. No. 5) at 10 (emphasis in original). The Division dismissed the complaint and closed the file on the State claims. See id. at 12. But, the Division also informed Plaintiff that he could seek E.E.O.C. review and enforcement of his federal claims, and that he could request E.E.O.C. review, in writing, within fifteen (15) days of the date of the State Division's Determination. See id. The Division's Determination was dated November 30, 2005. See id. at 13.

To date, Plaintiff has not submitted any materials to this Court indicating that he has requested E.E.O.C. review of his federal claims. Plaintiff has also not submitted an E.E.O.C. right to sue letter, as directed by this Court. Therefore, Plaintiff is not in compliance with this Court's December 20, 2005 Decision and Order.

United States Courts are vested with broad discretion to impose sanctions for non-compliance with court orders, and those sanctions can include the severe sanction of dismissing a case. See Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC, No. 01 Civ. 6600(RLC), 2005 WL 3370542, at *1 (S.D.N.Y. Dec. 12, 2005) ("Moreover, the court has the inherent authority to dismiss a case when a party disobeys any of its orders.") (citing Chambers v. Nasco, Inc., 501 U.S. 32, 45 (1991)). Although Southridge addressed discovery orders, there is no difference for non-compliance with any other court order. See Dumpson v. Goord, No. 00-CV-6039 CJS, 2004 WL 1638183 (W.D.N.Y. Jul. 22, 2004) (Court ordered one of plaintiffs to provide address where he

could be reached; plaintiff failed to comply; plaintiff was dismissed from the case). In addition, Federal Rule of Civil Procedure 41(b) addresses not only a failure to prosecute, but also a "failure...to comply with these rules or any order of court". FED. R. CIV. P. 41(b). See also Dumpson, 2004 WL 1638183, at *2 ("Such decisions are committed to the Court's sound discretion.... *Pro se* plaintiffs are entitled to a degree of leniency, but this 'should not extend to the disregard of a judge's plain directives.'") (citing, *inter alia*, Costello v. United States, 365 U.S. 265, 286-87 (1961); Lucas v. Miles, 84 F.3d 532, 538 (2d Cir. 1996)).

Plaintiff, furthermore, was notified that failure to provide the Court with the requested materials would result in dismissal of the action. See December 20, 2005 Dec. & Order (Dkt. No. 3) at 4.

WHEREFORE, it is hereby

**ORDERED**, that due to non-compliance with this Court's December 20, 2005 Decision and Order (Dkt. No. 3), Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE** to Plaintiff's re-filing with all necessary supporting documentation; and it is further

**ORDERED**, that due to non-compliance with this Court's December 20, 2005 Decision and Order (Dkt. No. 3), Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED WITHOUT PREJUDICE** to Plaintiff's re-filing a completed application, following all written directions on the form, should Plaintiff re-file his Complaint; and it is further

**ORDERED**, that Plaintiff's Motion to Appoint Counsel (Dkt. No. 6) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties by regular mail.

**IT IS SO ORDERED**.

DATED:    January 24, 2006
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

4